IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH HENDERSON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　CASE NO. 5:14-cv-175-RS-GRJ

WARDEN QUINN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint (Doc. 1) and an incomplete motion for leave to proceed *in forma pauperis.* (Doc. 2.)  Although Plaintiff's complaint and motion for leave to proceed *in forma pauperis* are both on the incorrect forms it is not necessary for Plaintiff to correct these deficiencies because this cause is due to be dismissed for lack of jurisdiction, and pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff is an inmate at Wheeler Correctional Facility, located in Alamo, Georgia. Plaintiff's generally alleges that he was attacked by gangs at Wheeler Correctional facility and that the Defendants, who are prison officials there, were deliberately indifferent.  (Doc. 1.) As an initial matter Plaintiff is not permitted to proceed *in forma pauperis* because he is subject to the three strikes provision of The Prison Litigation Reform Act of 1995.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may

not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule.  Plaintiff previously filed at least twenty federal cases, at least three of which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Indeed, he has now been deemed an abusive filer and has been barred from filing in the Southern and Northern Districts of Georgia.  See, e.g., Henderson v. Wright, Case No. 3:11-cv-110 (S.D. Ga. Dec. 23, 2011)(declaring Plaintiff a three-striker and an abusive filer); In re Keith Henderson, Case No. 1:12-mi-207-UNA (N.D. Ga. Dec. 20, 2012)(barring Plaintiff from future filings unless he is in "imminent danger.")

Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and his allegations do not suggest that he is in "imminent danger of serious physical injury." Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger.

*Case No: 5:14-cv-175-RS-GRJ*

In addition to the prohibition on proceeding *in forma pauperis* the Court lacks jurisdiction over Plaintiff's complaint because neither he nor any defendants are located within the Northern District of Florida.  Venue is proper in a civil action only in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).  Although it is difficult to decipher the nature of Plaintiff's claims from the information provided in his complaint, because it is clear that neither he nor any of the Defendants are located within the Northern District of Florida this case should have been filed in a different district.  *See* 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."   In view of the fact that the Plaintiff is barred by the three-strikes rule, as discussed above, this case should be dismissed rather than transferred.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and

because this Court lacks jurisdiction.

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of August 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**